IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

*Kelly Robb v. Bayer HealthCare Pharmaceuticals Inc., et al.*     No. 3:11-cv-11892-DRH-PMF

*Elsa Sanchez, individually and as Successor-Interest to the Estate of Isla Sanchez, deceased and as personal representative of the Estate of Isla Sanchez, deceased v. Bayer HealthCare Pharmaceuticals Inc., et al.*     No. 3:11-cv-11687-DRH-PMF

## ORDER DISMISSAL WITH PREJUDICE

**HERNDON, District Judge:**

On February 8, 2016, Bayer moved to dismiss the claims of the above captioned plaintiffs, with prejudice, pursuant Case Management Order 78 ("CMO 78").  Pursuant to CMO 78, plaintiffs had 30 days to respond and show good cause why the cases should not be dismissed. However, in light of the withdrawal of plaintiffs' attorney, the Court granted each plaintiff an extension, until March 21, 2016, to respond to the pending motions to dismiss. The Court warned the plaintiffs that failure to timely respond would result in a with prejudice dismissal of the actions.

Despite the extension, the above captioned plaintiffs have failed to respond. Under the Court's Local Rule 7.1, plaintiff's failure to file a timely response is deemed an admission of the merits of the motion. SDIL LOCAL RULE 7.1(c).

CMO 78 establishes a procedure to assure that plaintiffs who choose to litigate ATE injury claims act to preserve their medical records. CMO 78 applies to all Eligible Claimants as defined in the ATE Master Settlement Agreement who elect not to participate in the voluntary ATE Resolution Program.

Pursuant to CMO 78, a plaintiff must send document preservation notices to certain pharmacies, medical facilities, and doctors (*id.* § I.A ). They must also provide Bayer with a statement verifying the notices were sent, the names and addresses of all individuals or entities to which notices were sent, and copies of the notices (*id.* § I.C). If plaintiffs do not comply by a deadline set by the CMO, Bayer must send a letter giving the plaintiff 20 days to cure the deficiency. *Id.* § I.D. If the plaintiff still does not comply, Bayer shall file a Motion with the Court listing plaintiffs who failed to cure deficiencies within the Cure Period and whose cases should therefore be dismissed with prejudice. *Id.* "**Any Plaintiff's failure to respond within the specified period shall lead to the dismissal of the Plaintiff's case with prejudice**, the parties to bear their own costs, except for good cause shown." *Id.* (emphasis added).

As outlined in Bayer's motion to dismiss, the above captioned plaintiffs are subject to the requirements of CMO 78 and are not in compliance with the same. Accordingly, after following the procedures required under CMO 78, Bayer filed

the subject motion to dismiss. The above captioned plaintiffs failed to file an opposition to Bayer's motions to dismiss. Therefore, as provided for in CMO 78, the above captioned plaintiffs' claims must be dismissed with prejudice.

The Court therefore **GRANTS** the motions to dismiss the claims of the above captioned plaintiffs. The claims of the above captioned plaintiffs are **DISMISSED WITH PREJUDICE**. **FURTHER, this Order Closes the case and the Court DIRECTS the Clerk to enter judgment.**

**IT IS SO ORDERED.**

**Signed this 7th day of April, 2016.**

Digitally signed by
Judge David R.
Herndon
Date: 2016.04.07
15:29:59 -05'00'

**United States District Court**